UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KATHLEEN FREDERICKS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>AMERIFLIGHT, LLC,<br><br>*Defendant.* | Civil Action No. 3:23-CV-1757-X |

### MEMORANDUM OPINION AND ORDER

Before the Court is defendant Ameriflight, LLC's motion to dismiss four opt-in plaintiffs. (Doc. 165). Having carefully considered the motion, the Court **GRANTS** it and under Federal Rule of Civil Procedure 41(b), the Court **DISMISSES WITHOUT PREJUDICE** the claims of opt-in plaintiffs Nathaniel Spiller, Rui Zhai, Kaela Calfas, and Itamar Reuven against defendant Ameriflight, LLC for failure to prosecute their case.

Plaintiff Kathleen Fredricks initiated this action against Ameriflight under the Fair Labor Standards Act (FLSA). The Court certified a collective action for certain FLSA claims.[1] On September 29, 2025, the parties notified the Court that the parties had settled following ADR.[2] Ameriflight subsequently moved to dismiss the four opt-in plaintiffs from the collective, asserting that after opting in, they failed to

---

[1] Doc. 109.

[2] Doc. 161.

1

participate in discovery or respond to written discovery requests.[3] The Court granted unopposed motions allowing counsel to withdraw for each opt-in plaintiff based on their failure to respond to counsel's repeated communications and discovery obligations.[4]

Rule 41(b) allows the Court to "dismiss the action or any claim against" the defendant if "the plaintiff fails to prosecute or to comply with these rules or a court order."[5] Dismissal under Rule 41(b) may be *sua sponte*, but it may be with prejudice "only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action."[6]

Dismissal of certain opt-in plaintiffs under Rule 41(b) is warranted because Spiller, Zhai, Calfas, and Reuven failed to prosecute their claims. The remaining question is whether dismissal should be with or without prejudice. In exercising its discretion, the Court finds that although these opt-in plaintiffs failed to prosecute, the record does not establish purposeful delay or contumacious conduct, nor has the Court imposed lesser sanctions sufficient to justify dismissal with prejudice under Rule 41(b)'s heightened standard. Therefore, under Federal Rule of Civil Procedure 41(b), the Court **DISMISSES WITHOUT PREJUDICE** opt-in plaintiffs Nathaniel

---

[3] Doc. 165.

[4] Docs. 153, 169, 170, 171.

[5] Fed. R. Civ. P. 41(b).

[6] *Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996).

Spiller, Rui Zhai, Kaela Calfas and Itamar Reuven claims against the defendant Ameriflight, LLC for failure to prosecute.

**IT IS SO ORDERED** this 18th day of December, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE